UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANTONIO ARCE          :
                      :
     v.               :     C.A. No. 11-087S
                      :
UNITED STATES OF AMERICA :

**REPORT AND RECOMMENDATION**

Petitioner Antonio Arce ("Arce") recently filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Declaration and Request to Proceed In Forma Pauperis ("IFP"). (Document Nos. 1 and 2). The Request to Proceed IFP has been referred to me for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); LR CV 72(a). In his Petition, Arce indicates that he is not challenging his conviction or sentence but is making a post-conviction request for leniency based on his "achievements on rehabilitation while in custody." (Document No. 1). He seeks a one-year reduction in his sentence.

Arce pled guilty in 2009 to three counts of heroin trafficking in <u>United States v. Arce</u>, CR No. 08-136S, and, due to his career offender status, was subject to a sentencing guideline range of 151 to 188 months. At the sentencing hearing, the Government requested a low-end sentence of 151 months and Defendant's counsel argued for a 42-month sentence. Ultimately, District Judge Smith gave significant leniency to Defendant and imposed a well-below guidelines sentence of 60 months – over seven years less than the low-end of the applicable guideline range. It does not reasonably appear that Arce presently has any legal basis to seek a further sentence reduction from this Court and thus it would be a waste of resources to allow this baseless case to proceed. A prisoner is only entitled to relief under 28 U.S.C. § 2241(c)(3) if he is "in custody

in violation of the Constitution or laws or treaties of the United States." Since Arce is not challenging the lawfulness of his "conviction or sentence," he is not alleging that his custody is in any way unlawful and thus he fails to state a claim for relief under 28 U.S.C. § 2241.

Arce did not appeal his conviction or sentence, and has not filed any challenge under 28 U.S.C. § 2255. Arce asks the Court to grant him "leniency" and reduce his sentence by one year due to his rehabilitative efforts while in custody and because he "must serve another sentence of a year in Rhode Island." (Document No. 1 at p. 7). This is simply not a legitimate basis for seeking relief under 28 U.S.C. § 2241. In addition, while limited review of a criminal sentence is available under Rule 35, Fed. R. Crim. P., that rule is inapplicable. A Rule 35(a) motion to correct a clear sentencing error must be filed within fourteen (14) days. Arce is not claiming such an error and, in any event, his request for such relief would be untimely. In addition, Rule 35(b) is inapplicable because the Government has not filed a motion for sentence reduction due to "substantial assistance."

**Conclusion**

For the foregoing reasons and pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2) and Rule 4 of the Rules Governing Habeas Corpus Proceedings, I recommend that Arce's Request to Proceed IFP (Document No. 2) be DENIED and that Arce's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Document No. 1) be summarily DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right

to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 10, 2011